**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In re:                                                    Case No. 26-01510-swd
                                                          Chapter 7
Thomas Henry Bloom,

    Debtor.                                      Hon. Scott W. Dales

---

**STIPULATED ORDER DIRECTING EXAMINATION AND PRODUCTION OF**
**DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004**

THIS MATTER is before the Court on the Stipulation for Entry of Order Directing Examination and Production of Documents Pursuant to Fed. R. Bankr. P. 2004 (the "Stipulation") filed by Creditor, Regan Bloom ("Creditor"), and Debtor, Thomas Henry Bloom ("Debtor" and together with the Creditor, the "Parties"); the parties having agreed to the relief set forth in this Order, and the Court having considered the Stipulation and being otherwise fully advised in the premises,

NOW THEREFORE, IT IS HEREBY ORDERED that the Stipulation is APPROVED and the relief requested therein is GRANTED as follows:

The Debtor shall appear for oral examination pursuant to Fed. R. Bankr. P. 2004 at a date, time and location reasonably agreed upon by the Parties.

The Debtor shall produce electronic copies of the following records, if available, to Creditor's counsel within fourteen (14) days of the date of entry of this Order. The Debtor shall produce only responsive, nonprivileged documents and Electronically Stored Information ("ESI") that are in his possession, custody, or control after a reasonable search. The Debtor is not required to create documents, reconstruct records, obtain documents from third parties over whom he has no legal right of control, recover deleted data, or image electronic devices.  If a document or record

is not available, the Debtor will state that: (a) a reasonable search was conducted; (b) whether the document ever existed; (c) the last known location of the document, if known; and (d) whether it can be obtained with reasonable effort. The Debtor need not produce documents already filed on the docket in this bankruptcy case, in Creditor's possession through common transactions or occurrences, produced in the pending Bank of America collection litigation in the Oakland County Circuit Court, provided the Debtor identifies the prior production, filing, or cource with reasonable specificity. The following documents are hereby requested:

a. the Debtor's and his trust's respective tax returns for the taxable periods of January 2022 through December 31, 2025, including any returns (state and federal), amended returns, extension requests, schedules, worksheets, W-2s, 1099s, and all related supporting tax documents;

b. Debtor's and his trust's bank statements and any investment, brokerage, or other financial account statements of any kind, for the period of January 1, 2022 through the present, for all accounts held at any time during such period by the Debtor and his trust, including accounts that have been closed between January 1, 2022 and the present;

c. all documents evidencing any payments by the Debtor or his trust or on their respective behalf to Creditor or her trust in satisfaction of, or compliance with, their divorce consent judgment, the settlement agreement, the indemnification agreement, or any other divorce settlement document;

d. all documents evidencing any disposition, expenditure, deposit, or transfer of any kind of the funds and assets received by the Debtor and/or his trust as provided by the divorce settlement documents, including but not limited to: (i)

955 W. Marshall, Ferndale, Michigan; (ii) 18 Oxford, Pleasant Ridge, Michigan; (iii) the $775,000 payment from Creditor to the Debtor; (iv) the 32' Bayliner; and (v) the RV and trailer;

e. all fee agreements and invoices for legal representation (excluding time records that may contain otherwise privileged information) paid or accrued by the Debtor and/or his trust in connection with any bankruptcy proceedings and the pending Bank of America collection litigation in the Oakland County Circuit Court, including any fee agreements and invoices issued by Kaveh Kashef, Esq. and/or the Debtor's current counsel;

f. all communications (including text messages, emails, and other correspondence) between the Debtor and Scott Myrick regarding Creditor, her trust, the pending Oakland County Bank of America collection case, bankruptcy proceedings for the Debtor and/or his trust and/or Scott Myrick and/or his trust;

g. all closing documents from the sale or transfer of any real property awarded to the Debtor and/or his trust as part of his divorce settlement with Creditor, including 955 W. Marshall, Ferndale, Michigan and 18 Oxford, Pleasant Ridge, Michigan;

h. all documents relating to the withdrawal and use by the Debtor of funds from the trusts of the children of both Creditor and the Debtor;

i. all documents relating to any PPP loan received by the Debtor or his business(es);

j. all documents relating to Debtor's repayment to Creditor for any tax liability that was the obligation of the Debtor or any entity of the Debtor's to pay;

k. financial statements, tax returns, bank statements, and other financial records from January 1, 2022 through the date of filing, from any entity owned or operated by the Debtor, including but not limited to Black Owl Properties, LLC, a Michigan limited liability company, and Black Owl, LLC, a Michigan limited liability company;

l. any and all submissions the Debtor or his business(es) have made to the Small Business Administration, including any financial statements, tax returns, consent forms, and offers in compromise (collectively, the "Records").

Documents produced under this Order shall be used solely by the Parties, the Chapter 7 Trustee, retained processionals, experts, accountants, and the Court and limited to use in this bankruptcy case, including issues concerning administration of the estate, discharge, dischargeability , exemptions, claims, or related bankruptcy matters.

By stipulating to this Order, the Debtor does not waive objections based on attorney client or work product privilege.

The Parties shall comply with the Federal Rules of Bankruptcy Procedure, Local Rules and the Bankruptcy Code regarding the use of the Records.

**IT IS SO ORDERED.**

**Dated June 1, 2026**



_____

Scott W. Dales
United States Bankruptcy Judge